UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>APPROXIMATELY $460,520.00 IN U.S. CURRENCY,<br><br>Defendant | CASE NO. 1:15-CV-1878 AWI MJS<br><br>ORDER GRANTING UNITED STATES ADDITIONAL TIME TO DIRECTLY SERVE NOTICE TO POTENTIAL CLAIMANT<br><br>(Doc. No. 14) |

On May 26, 2016, the Court granted in part a Findings and Recommendations ("F&R") regarding Plaintiff's motion for default judgment. See Doc. No. 13. The Court did not grant a complete default because it had concerns about whether direct notice was provided or reasonably could have been provided to the purported owner "Marcia" of the vehicle or to the registered owner of the vehicle (the Defendant funds were found in SUV). See id. The Court requested that Plaintiff provide supplemental briefing regarding the owner of the vehicle and "Marcia." See id. On June 8, 2016, the United States responded by requesting that the Court allow 60 days for the registered owner of the vehicle to be given notice and to file a claim if she intends to do so. See Doc. No. 14. If no notice of claim is filed, then Plaintiff states that it will move for default judgment. See id.

The Court will grant Plaintiff additional time to attempt to provide direct notice to the registered owner of the vehicle. However, as discussed in the Court's May 26, 2016 order, the

Court understands that law enforcement actually spoke on the phone to someone named "Marcia," who purported to be the owner of the vehicle. Vehicles may be sold, and there may be lag times or oversites in the registration/transfer process. Therefore, unless it can be determined that the "Marcia" who spoke to law enforcement is the registered owner of the vehicle, Plaintiff shall attempt to provide direct notice not only to the registered owner, but also to "Marcia," if possible.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for 60 days in which to provide direct notice to the owner of the vehicle is GRANTED;
2. Within 60 days of service of this order, Plaintiff shall attempt to provide direct notice to the registered owner of the vehicle in question and to "Marcia"; and
3. If, after direct notice is accomplished, no claim is filed, then Plaintiff may file a motion for default judgment.[2]

IT IS SO ORDERED.

Dated:  June 9, 2016                              _____
                                                  SENIOR DISTRICT JUDGE

---

[1] If law enforcement determined who "Marcia" was when they spoke to her, and obtained contact information for her, then it should be relatively easy to provide "Marcia" with direct notice. If the information law enforcement obtained is not accurate or no longer valid, then direct notice to "Marcia" may not be possible.

[2] The motion for default judgment should address the registered owner and "Marcia."