IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    v.<br><br>APPROXIMATELY $460,520.00 IN U.S. CURRENCY,<br><br>           Defendant. | **1:15-cv-01878-AWI-MJS**<br><br>**FINDINGS AND RECOMMENDATIONS THAT THE COURT GRANT, IN FULL, PLAINTIFF'S *EX PARTE* MOTION FOR DEFAULT JUDGMENT AND FINAL JUDGMENT OF FORFEITURE AS TO ALL POTENTIAL CLAIMANTS**<br><br>**(ECF Nos. 9 & 25)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

      This matter comes before the Honorable Judge Michael J. Seng on Plaintiff United States' *ex parte* motion for default judgment and final judgment of forfeiture. (ECF No. 9.) There was no appearance by or on behalf of any other person or entity claiming an interest in the Defendant Currency to oppose Plaintiff's motion. Plaintiff's motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 302(c)(19) and is considered in accordance with Local Rule 540(d).

      This matter is taken under submission without oral argument pursuant to Local Rule 230(g). For the reasons set forth below, the Court will recommend that Plaintiff's motion be GRANTED in full.

**I.     Procedural History**

On September 24, 2015, detectives from the Fresno County Sheriff's Department seized approximately $460,520.00 (hereafter "Defendant Currency") from inside the seat of a white Lincoln Navigator sport utility vehicle during a traffic stop. (Compl. (ECF No. 1) at ¶¶ 6-7, 19-21.) Juan Plazola was the driver of the Navigator and Eduardo Maya-Perez was in the front passenger seat. (Id. ¶ 8.) During the stop, Plazola told detectives that the vehicle belonged to a woman named Marcia. (Id. ¶ 9.) Plazola, Maya-Perez, and the Navigator were released without incident. (Id. ¶ 20.)

On December 15, 2015, Plaintiff filed the instant forfeiture action. (Compl. (ECF No. 1.)) Direct notice was sent to Plazola and Maya-Perez only. (Mot. for Default J. (ECF No. 9) at 7-8.) On March 1, 2016, after Plazola and Maya-Perez failed to file claims, Plaintiff obtained a clerk's default against them. (Clerk's Entry of Default J. (ECF Nos. 7 & 8.))

On March 11, 2016, Plaintiff filed an *ex parte* application for default judgment and final judgment of forfeiture against all potential claimants (hereafter "Motion for Default") setting forth Plaintiff's efforts to publish and provide notice of the complaint to potential claimants Plazola and Maya-Perez. (Mot. for Default J. at 17.)

On April 26, 2016, this Court issued findings and recommendations ("F&R") recommending the Motion for Default be granted in full. (F&R to Grant Mot. for Default J. (ECF No. 12.) at 10.) On May 26, 2016, the district court adopted in part the F&R, granting default judgment against potential claimants Plazola and Maya-Perez but ruling that it could not enter final judgment against all potential claimants because Plaintiff had failed to give direct notice to the registered owner and/or the purported owner of the vehicle, "Marcia." (Order Adopting F&R in Part (ECF No. 13) at 2.) Plaintiff was thus granted additional time to notice the registered owner and/or "Marcia," or otherwise explain why it was not necessary to serve direct notice on these individuals. (Id.)

On June 8, 2016, direct notice was sent to Marcia Salcido, the registered owner of the vehicle. (Suppl. Br. in Supp. of Mot. for Default J. (ECF No. 25) at 3.) On January 20, 2017, after Ms. Salcido failed to file a claim, Plaintiff obtained a clerk's entry of default as to Ms. Salcido.

(Req. for Entry of Default (ECF No. 23); Clerk's Entry of Default (ECF No. 24.)) On February 9, 2017, Plaintiff filed the instant Supplemental Brief in support of its Motion for Default. (ECF No. 25.)

## II.     Facts

The facts pertaining to the traffic stop that led to the seizure of the Defendant Currency are stated in detail in both the complaint and Plaintiff's initial Motion for Default. Those facts remain unchanged and will not be repeated herein. The following facts pertaining to potential claimant Marcia Salcido are taken from Plaintiff's supplemental brief.

After detectives located the Defendant Currency, Plazola told detectives that the Defendant Currency was not his, but was likely the property of the registered owner, "Marcia." Plazola provided the detectives with Marcia's telephone number. The detectives called the number and spoke to a woman who identified herself as "Marcia" and the owner of the Navigator. Marcia told detectives she had loaned the Navigator to Plazola. Marcia also stated that she did not have any weapons, narcotics, or large sums of money in the vehicle.

According to the Fresno County Sheriff's Office Incident Report from September 24, 2015, the Navigator belonged to Marcia Salcido, residing at 16305 Ladysmith Street, Hacienda Heights, California, 91745. Ms. Salcido's telephone number was the same number given to detectives by Plazola.

On June 8, 2016, Plaintiff served Ms. Salcido with notice of the action and a copy of the complaint at the 16305 Ladysmith Street address. Notice was served by first class and certified mail no. 7012-3460-0001-6702-2559. Notice of the certified mail parcel was left at the address on June 13, 21, and 28, 2016 before the parcel was returned to the United States Attorney's Office marked "Unclaimed." Plaintiff also requested the United States Marshals Service (USMS) attempt personal service on Ms. Salcido at the 16305 Ladysmith Street address. On September 22, 2016, the USMS went to the address, where they encountered Ms. Salcido's daughter, Rosela Salcido. Rosela Salcido told the deputy marshal that Ms. Salcido was in Mexico and her return date was unknown.

On November 21, 2016, a Task Force Officer with the United States Drug Enforcement

Administration queried the California Department of Motor Vehicles (DMV) database regarding the Navigator. As of that date, the Navigator was still registered to Ms. Salcido. The address listed for Ms. Salcido, however, was 16703 Northam Street in La Puenta, California. On December 9, 2016 and December 10, 2016, a Task Force Officer with the United States Drug Enforcement Administration made several calls to Ms. Salcido at the telephone number provided by Plazola. On both days the telephone number had an automated message stating the phone was not accepting calls at that time.

On December 22, 2016, the USMS attempted to personally serve Ms. Salcido at the 16703 Northam Street address. Unable to find Ms. Salcido, the Marshals served a man who identified himself as Ms. Salcido's brother-in-law. The man told the deputy marshal that Ms. Salcido has lived in Mexico for the past few years.

To date, there have been no claims filed by or on behalf of Ms. Salcido to the Defendant Currency and the time for any person or entity to file a claim and answer has expired. Fed. R. Civ. P. Supp. R. G(4)(b)(i).

### III. Legal Standard

Under Federal Rule of Civil Procedure 55(b)(2), a party can apply to the district court for an entry of default judgment. Fed. R. Civ. P. 55(b)(2). Whether or not to grant default judgment lies within the discretion of the district court. Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956). On a motion for default judgment, the factual allegations of the complaint relating to liability are taken as true. TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-918 (9th Cir. 1987) (citing Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)).

In the context of an *in rem* forfeiture action, a court considering default judgment should also consider the procedural requirements set forth by the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983; the Supplemental Rules of Certain Admiralty and Maritime Claims ("Supplemental Rules"); and the court's Local Rules for Admiralty and *in rem* actions. United States v. Approximately 335 Counterfeit NFL Jerseys, No. 1:13-cv-341-AWI-GSA, 2014 WL 2575446, at *5 (E.D. Cal. June 9, 2014) (referencing United States v. $191,910.00, 16 F.3d 1051, 1069 (9th Cir. 1994) (explaining that, because civil forfeiture is a "harsh and oppressive

procedure which is not favored by the courts," the government carries the burden of demonstrating its strict adherence to procedural rules) (*superseded by statute on other grounds*)).

The Supplemental Rules do not provide a procedure to seek default judgment in an action *in rem*, however Supplemental Rule A provides: "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules." When considering whether to enter default judgment under Federal Rule of Civil Procedure 55, Courts may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy of favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III. Discussion

#### A. Merits of Plaintiff's Claim and Sufficiency of the Verified Complaint

The Court previously found that there was sufficient evidence to find the Defendant Currency was linked to narcotics trafficking. (F&R to Grant Mot. for Default J. at 6-10.) As that analysis has not changed, the Court will not reproduce that discussion herein.

#### B. Notice Requirement

The Court previously found that Plaintiff had met the requirements for notice by publication pursuant to Local Rule 500(d) and Supplemental Rule G. (F&R to Grant Mot. for Default J. at 7-8.)

As to whether Ms. Salcido was properly noticed: when the government knows the identity of the property owner or owners, the Due Process Clause of the Fifth Amendment requires "the Government to make a greater effort to give him notice than otherwise would be mandated." United States v. Real Property, 135 F.3d 1312, 1315 (9th Cir. 1998). In such cases, the government must attempt to provide actual notice by means reasonably calculated under all circumstances to apprise the owner of the pendency of the forfeiture action.

Dusenbery v. United States, 534 U.S. 161, 168 (2002). "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." Mesa Valderrama v. United States, 417 F.3d 1189, 1197 (11th Cir. 2005); Real Property, 135 F.3d at 1316.

Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be sent by means reasonably calculated to reach the potential claimant. The notice must contain the following information: the date when the notice is sent; a deadline for filing a claim that is at least 35 days after the notice is sent; that an answer or a motion under Rule 12 must be filed no later than 21 days after the filing of the claim; and the name of the government attorney to be served with the claim and the answer. Id.  Here, the government provided notice of the forfeiture action by mailing copies of the required documentation, via both certified and first class mail, to Ms. Salcido at her last known address. Plaintiff also attempted to personally serve Ms. Salcido at two separate California addresses. Each time, a person who claimed to be related to Ms. Salcido told the USMS that Ms. Salcido was in Mexico and they did not know when she would return. The Court thus finds a reasonable attempt at serving notice on Ms. Salcido was made.

### C.   Failure to Timely Answer Claim

Pursuant to the Supplemental Rules, any person who asserts an interest in or a right in a forfeiture action must file a claim with the Court within the time specified by the direct notice. Fed. R. Civ. P. Supp. G(4)(b)(ii)(B), (5)(a)(ii)(A).  Failure to comply with the procedural requirements for opposing the forfeiture precludes a person from establishing standing in the forfeiture proceeding. Real Property, 135 F.3d at 1317.  Notice publication ended on January 29, 2016; all potential claimants had 30 days after that date to respond, but no one did. The purported direct notice to Ms. Salcido indicated that she had thirty-five days from the date of the notice to file a claim. While direct notice was not personally delivered to Ms. Salcido by a government representative, it was not for lack of government effort; it was delivered to her address of record and to individuals who likely had means of reaching her.  Accordingly, the time to file a claim having expired, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure the Clerk of the Court properly entered default against Ms. Salcido.

### D. Default Judgment Appropriate Under Rule 55

The discretionary Eitel factors outlined above favor granting the government's motion for default judgment. First, the government would be prejudiced by the denial of its motion. It would have to spend additional time and effort litigating an action in which the potential claimants have already withdrawn their claims. Second, the government's claims appear to have merit, as discussed in their initial Motion for Default and this Court's F&R. Third, the government has adhered to the procedural requirements of a forfeiture action *in rem.* Fourth, the currency that was seized and subject to forfeiture is not of such substantial value as to warrant denial of the government's motion, particularly in light of the fact that no claimant has come forward to challenge the forfeiture. Fifth, there are no genuine disputed issues of material fact. Sixth, there is no evidence that the failure of any other claimants to answer is due to excusable neglect. Finally, although merits-based decisions are always preferred, it is not practical, where, as here, claimants have withdrawn their claims. Accordingly, there is no impediment to default judgment sought by the government and the Court will recommend that the motion be granted.

## V. Conclusion

Plaintiff has shown that a complaint for forfeiture was filed; that Plaintiff noticed or attempted to notice all known potential claimants; that any and all other unknown potential claimants have been served by publication; and that grounds exist for entry of a final judgment of forfeiture.

Therefore, IT IS RECOMMENDED as follows:

1.  That Marcia Salcido be held in default;

2.  That Plaintiff's motion for default judgment and final judgment of forfeiture be granted in full;

3.  That a judgment by default be entered against any right, title, or interest of potential claimant Marcia Salcido, and all other unknown potential claimants, in the Defendant Currency;

4.  That a final judgment be entered, forfeiting all right, title, and interest in the

Defendant Currency to the United States of America, to be disposed of according to law; and

5. That the Default Judgment and Final Judgment of Forfeiture lodged herein be signed by the Honorable Anthony W. Ishii and filed by the Clerk of the Court.

These findings and recommendations are submitted to District Court Judge Anthony W. Ishii pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen (14) days after being served with these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The District Judge will review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specific time may waive the right to appeal the District Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 21, 2017                    /s/ *Michael J. Seng*
                                                   UNITED STATES MAGISTRATE JUDGE